**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY CAMDEN VICINAGE**

| | |
|---|---|
| JOSEPH JINGOLI & SONS, INC., | Civil Action No. 1:23-cv-21364 ESK EAP |
| Plaintiff, | |
| v. | **EMERGENCY MOTION FOR IMMEDIATE** |
| ERICA L. BEAL, | **RELIEF AND PRELIMINARY** |
| | **INJUNCTION** |
| Defendant | |

1

**TO THE HONORABLE EDWARD S. KIEL, U.S. DISTRICT JUDGE, AND THE HONORABLE ELIZABETH A. PASCAL, U.S. MAGISTRATE JUDGE:**

Defendant, Erica L. Beal, respectfully submits this Emergency Motion for Immediate Relief and Preliminary Injunction to prevent further harm caused by Plaintiff Joseph Jingoli & Son, Inc., its subsidiaries, affiliates, and their counsel, Eckert Seamans Cherin & Mellott LLC. This motion is filed under Federal Rule of Civil Procedure 65, Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and other applicable laws, and seeks to halt ongoing misconduct including unauthorized financial control, forum shopping, bad-faith litigation, and discrimination.

**GROUNDS FOR RELIEF**

**1. Ongoing Financial Misconduct and Breach of Fiduciary Duty:**

Plaintiff has exerted unauthorized financial control over AVIVV, LLC, depriving Defendant of rightful compensation for nearly two years. This violates the AVIVV Operating Agreement and constitutes a breach of fiduciary duty. Plaintiff's financial control and the withholding of Defendant's rightful income as the 51% majority owner of AVIVV is retaliatory, discriminatory, and harmful.

Relevant Case Law & Statutes:

- New Jersey State Law on Defamation (Rocci v. Ecole Secondaire MacDonald-Cartier, 165 N.J. 149, 156 (2000)): Damages must be proven in defamation cases, but no such proof has been provided.

- Breach of Fiduciary Duty: As the 51% owner of AVIVV, Defendant is entitled to financial control, yet Plaintiff has wrongfully withheld income and access to financial records. (Exhibit A and B)

**2. Forum Shopping and Duplicative Litigation:**

Plaintiff has engaged in forum shopping by filing nearly identical claims in multiple jurisdictions—this Court, arbitration, and California Superior Court—with the same evidence. This tactic is designed to harass and financially exhaust Defendant, a pro se litigant, violating Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, which prohibits vexatious litigation.

Relevant Case Law & Statutes:

- Ferens v. John Deere Co., 494 U.S. 516 (1990): Forum shopping constitutes an abuse of judicial process.
- Federal Rule of Civil Procedure 11(b)(3): Requires claims to have evidentiary support; duplicative defamation claims without proof of damages violate this rule.
- 28 U.S.C. § 1927: Sanctions should be imposed on Plaintiff for unreasonable and vexatious litigation conduct.

**3. Misuse of Confidential Financial Information:**

Eckert Seamans Cherin & Mellott LLC, acting as Plaintiff's counsel, has misused confidential financial information obtained during prior representation of AVIVV, violating ABA Model Rule 1.7 (conflict of interest) and ABA Model Rule 1.9 (duties to former clients). Eckert

Seamans must be disqualified due to these conflicts, as they represent conflicting interests in this matter.

Relevant Case Law & Statutes:

- ABA Model Rule 1.7 (Conflict of Interest): Conflicting representation of AVIVV and Joseph Jingoli & Sons.
- ABA Model Rule 1.9 (Duties to Former Clients): Improper use of confidential financial information.
- Breach of Fiduciary Duty: Plaintiff and counsel's manipulation of AVIVV's financial control violates corporate governance and fiduciary duties.

**4. Discriminatory Impact and Retaliation Against a Disabled Minority Woman and Military Spouse:**

Defendant, as a minority woman with a disability, and military spouse, has been disproportionately harmed by Plaintiff's retaliatory and discriminatory actions. These actions violate Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). Plaintiff's refusal to pay Defendant for work performed, while burdening her with duplicative litigation, constitutes both racial and disability-based discrimination.

Relevant Case Law & Statutes:

- Title VII of the Civil Rights Act of 1964: Protects against employment discrimination based on race, color, religion, sex, and national origin.
- Americans with Disabilities Act (ADA): Protects against discrimination based on

- disability.
- New Jersey Law Against Discrimination (LAD): Plaintiff's actions disproportionately harm Defendant based on her protected characteristics.

**5. Irreparable Harm, Urgency, and Duplicative Lawsuits:** Plaintiff's unauthorized control over AVIVV's finances and continued withholding of Defendant's rightful income has left Defendant in a state of extreme financial vulnerability. This has deprived her of the ability to secure legal representation and has significantly exacerbated her diagnosed chronic Post-Traumatic Stress Disorder (PTSD). In addition, the duplicative lawsuits filed by Plaintiffs in multiple jurisdictions have compounded the financial and emotional toll on Defendant, overwhelming her with legal battles that have no evidentiary support.

Medical reports dated March 8, 2024, March 27, 2024, July 2, 2024, and August 28, 2024, show the steady worsening of Defendant's condition (Exhibit C). Defendant was diagnosed with chronic PTSD, which has been severely aggravated by the Plaintiffs' ongoing actions, including their vexatious litigation strategy. As a result, she required intensive psychological treatment, including admission to an Intensive Outpatient Program (IOP) for stress and anxiety management.

Without immediate injunctive relief, Defendant will continue to suffer irreparable harm that cannot be adequately compensated through monetary relief alone. The duplicative lawsuits, combined with financial control and legal harassment, have pushed Defendant to the brink of collapse. Court intervention is critical to prevent further deterioration of Defendant's health, financial stability, and ability to represent herself in these overlapping and abusive legal actions. (Exhibit C)

**6. Irreparable Harm** – Impact on Family and Health: The actions of the plaintiffs have caused not only financial but also significant emotional and physical harm to Defendant and her family. Defendant's husband, Jeremy Beal, a 100% service-disabled veteran suffering from PTSD, traumatic brain injury, and other conditions, has experienced a severe escalation in his health issues as a direct result of the plaintiffs' actions. Medical documentation from the VA and healthcare providers, dating back to October 21, 2022, and continuing through June 19, 2024, supports the fact that the plaintiffs' actions have significantly worsened Jeremy's PTSD and overall condition. This ongoing emotional strain has severely disrupted the family's life, forcing them to relocate and live under constant distress, and warrants immediate intervention from the court. (Exhibit D)

Relevant Case Law:

- Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008): A plaintiff must show irreparable harm to obtain injunctive relief. Defendant's financial vulnerability and emotional distress qualify as irreparable harm.

**REQUEST FOR RELIEF**

Defendant respectfully requests that the Court grant the following relief:

- Issuance of a Preliminary Injunction to prevent Plaintiff Joseph Jingoli & Son, Inc., its subsidiaries, and representatives from continuing unauthorized control over AVIVV, LLC, including:
  - Any further financial decisions made without the consent of Defendant as the 51% majority owner of AVIVV, LLC.

- - o   Withholding payments owed to Defendant for work performed over the past two years.
  - o   Using AVIVV's confidential financial information in litigation.
- Request for Waiver of Bond: Defendant respectfully requests that the Court waive the bond requirement under Federal Rule of Civil Procedure 65(c) due to the following:
- Financial Hardship: Defendant, a pro se litigant, has been deprived of income for nearly two years to Plaintiff's unauthorized control over AVIVV, LLC's finances. Attached as Exhibit B is a letter from the Defendant's CPA, Christopher Lamb, which confirms that Defendant has reported no income for 2023 and anticpates no income for 2024. As a result, Defendant and lacks the financial resources to post a bond, making it impossible for her to obtain the necessary relief without the waiver.
- Equitable Grounds: Requiring a bond in this case would prevent Defendant from securing the relief she needs to stop Plaintiff's ongoing misconduct and financial harm. Plaintiff's ability to continue its unjust actions unchecked would exacerbate Defendant's financial distress and deny her fair access to justice. The Court's equitable powers allow for a bond waiver in such circumstances to ensure fairness and protect the integrity of the judicial process.
- Disqualification of Counsel: Defendant requests that the Court disqualify Eckert Seamans Cherin & Mellott LLC from representing Joseph Jingoli & Son, Inc. in this matter due to conflicts of interest and misuse of confidential financial information obtained during prior representation of AVIVV, LLC.
- Sanctions for Bad Faith Litigation: Defendant requests that the Court impose sanctions on Plaintiff and its counsel under Federal Rule of Civil Procedure 11 and 28 U.S.C. §

1927 for engaging in vexatious litigation and forum shopping without evidentiary support.

- Award of Attorneys' Fees and Costs: Defendant, though a pro se litigant, requests reasonable costs and fees associated with responding to Plaintiff's baseless claims and litigating this matter in multiple jurisdictions.

- Request for Virtual Hearing: Defendant requests that the Court allow the hearing for this motion to be conducted virtually due to Defendant's financial hardship, being a pro se litigant, and residing in Texas.

- Any Further Relief the Court Deems Just and Proper.

Dated: September 9, 2024

Respectfully submitted,

*Erica Beal*

Erica L. Beal

Pro Se Defendant