[ECF No. 72]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **JOSEPH JINGOLI & SON, INC.,** | |
| **Plaintiff,** | **Civil No. 23-21364 (ESK/EAP)** |
| v. | **ORDER** |
| **ERICA L. BEAL, et al.,** | |
| **Defendants.** | |

**IT APPEARING TO THE COURT** that on May 9, 2024, Plaintiff Joseph Jingoli & Son, Inc. ("Plaintiff") filed an Amended Complaint, ECF No. 33, joining Maria Dolores Merrell ("Merrell") as a defendant to this action; and

**IT FURTHER APPEARING TO THE COURT** that on June 10, 2024, Plaintiff sought a waiver of service of process from Defendant Merrell by sending her all required documents. Defendant Merrell she did not return the waiver form. *See* ECF No. 72-2, Declaration of Karlee M. Martin ("Martin Decl.") ¶ 6 and Exhibit A ; and

**IT FURTHER APPEARING TO THE COURT** that on July 10, 2024, Plaintiff requested that the Court issue a summons for service on Defendant Merrell at her address of 258 Coach Lamp Lane, Houston, Texas 77060. *See id.* ¶ 8 and Ex. C. The Court issued the summons the following day. *See id.*; and

**IT FURTHER APPEARING TO THE COURT** that on July 16, 2024, Plaintiff's process server attempted to serve Defendant Merrell at her Houston address but was unsuccessful. *See id.* ¶ 9 and Ex. B (Aff. of Process Server). The woman who answered the door at the residence denied knowing Defendant Merrell. *See id.* ¶ 14 and Ex. B; and

**IT FURTHER APPEARING TO THE COURT** that the process server spoke to a neighbor who knew Defendant Merrell. *See id.*, Ex. B. The neighbor informed the process server that Defendant Merrell had moved. *See id.* The neighbor did not know to where Defendant Merrell moved. *See id.*; and

**IT FURTHER APPEARING TO THE COURT** that on September 19, 2024, Plaintiff filed this Motion for Alternative Service of Process on Defendant Merrell seeking an order allowing substituted service of process by regular and certified mail to 258 Coach Lamp Lane, Houston, Texas 77060. Martin Decl. ¶ 17; and

**IT FURTHER APPEARING TO THE COURT** that on September 19, 2024, Defendant Erica L. Beal ("Beal") submitted a Brief in Opposition to Plaintiff's Motion arguing that Plaintiff has not acted diligently in attempting to serve process on Defendant Merrell; and

**IF FURTHER APPEARING TO THE COURT** that Federal Rule of Civil Procedure 4 governs the process for serving a defendant with a summons and complaint. Because the Defendant is located within a judicial district of the United States, service is governed by Federal Rule of Civil Procedure 4(e); and

**IT FURTHER APPEARING TO THE COURT** that Federal Rule of Civil Procedure 4(e)(1) authorizes service on an individual within a judicial district of the United States by, among other things, "following state law for serving a summons in an action brought in courts of general jurisdiction in a state where the district court is located or where service is made," unless federal law provides otherwise; and

**IT FURTHER APPEARING TO THE COURT** that as the forum state, New Jersey's service rules apply. New Jersey Court Rule 4:4-4(a) provides that personal service is the primary method to serve a defendant located within the state, but if "despite diligent effort and inquiry"

personal service cannot be effected, substitute modes of service are permitted. One form of substituted service permits service on any defendant by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail," N.J. Ct. R. 4:4-4(b)(1)(C); and

      **IT FURTHER APPEARING TO THE COURT** that the "diligence exercised and the alternative service requested must meet the constitutional requirements of due process." *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *2 (D.N.J. July 5, 2016); and

      **IT FURTHER APPEARING TO THE COURT** that due process requires that there be "'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (quoting *O'Connor v. Altus*, 67 N.J. 106, 126 (1975)). When considering due diligence, the court measures "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000) (citations and quotations omitted). Under New Jersey law, "[d]iligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action," *H.D. Smith, LLC*, 2016 WL 3606785, at *2 (citing *Modan*, 327 N.J. Super. at 48-49); and

      **IT FURTHER APPEARING TO THE COURT** that New Jersey Court Rule 4:4-7 requires that when attempting service by mail, "the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." N.J. Ct. R. 4:4-7; and

ice in accordance with the law; and

**IT FURTHER APPEARING TO THE COURT** that Plaintiff has not provided the Court with any evidence indicating what steps, if any, it has taken to find Defendant Merrell's new address and once obtained, what attempts to serve her have been made; therefore

**IT IS** this **25th** day of **September 2024**;

**ORDERED** that Plaintiff Joseph Jingoli & Son, Inc.'s Motion for Alternative Service of Process on Defendant Merrell is **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.

4