[ECF No. 99]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **JOSEPH JINGOLI & SON, INC.,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**ERICA L. BEAL, et al.,**<br><br>    **Defendants.** | Civil No. 23-21364 (ESK)(EAP)<br><br>ORDER |

  **IT APPEARING TO THE COURT** that on May 9, 2024, Plaintiff Joseph Jingoli & Son, Inc. ("Plaintiff") filed an Amended Complaint, ECF No. 33, joining Maria Dolores Merrell ("Merrell") as a defendant to this action; and

  **IT FURTHER APPEARING TO THE COURT** that on June 10, 2024, Plaintiff sought a waiver of service of process from Defendant Merrell by sending her all required documents. Defendant Merrell did not return the waiver form. *See* ECF No. 99-2, Certification of Karlee M. Martin ("Martin Certif.") ¶¶ 6-7; and

  **IT FURTHER APPEARING TO THE COURT** that on July 10, 2024, Plaintiff requested that the Court issue a summons for service on Defendant Merrell at her address of 258 Coach Lamp Lane, Houston, Texas 77060 (the "Houston Address"). *See id.* ¶ 8. The Court issued the summons the following day. *See id.*; and

  **IT FUTHER APPEARING TO THE COURT** that on July 16, 2024, Plaintiff's process server attempted to serve Defendant Merrell at the Houston Address but was unsuccessful. *See id.* ¶ 9; *see also* ECF No. 72-3, Certification of Karlee M. Martin ¶ 9 and Exhibit B (Affidavit of Non-Service). The woman who answered the door at the residence denied knowing Defendant Merrell. *See* Martin Certif. ¶ 14; and

**IT FURTHER APPEARING TO THE COURT** that on September 19, 2024, Plaintiff filed its first Motion for Substituted Service of Process seeking an order allowing for substituted service of process by certified and regular mail to the Houston Address. *See* ECF No. 72, Pl.'s First Motion; *see also* Martin Certif. ¶ 16. The Court denied Plaintiff's first motion without prejudice because "Plaintiff ha[d] not demonstrated reasonable diligence in attempting to serve Defendant Merrell" as required under New Jersey law. ECF No. 75, Order at 3-4; and

**IT FURTHER APPEARING TO THE COURT** that on December 13, 2024, Plaintiff filed the present motion seeking an order allowing for substituted service on Merrell by certified and regular mail. *See* ECF No. 99, Pl.'s Second Motion; and

**IT FURTHER APPEARING TO THE COURT** that following the Court's denial of its previous motion, Plaintiff "engaged professional investigative services in an attempt to locate Merrell's new address." Martin Certif. ¶ 18. Plaintiff identified 101 Woodland Hills Dr., Huntsville, Texas 77320 (the "Huntsville Address") as Merrell's new address. *Id.*; and

**IT FURTHER APPEARING TO THE COURT** that on October 9, 2024, Plaintiff attempted service of process on Merrell at the Huntsville Address. *Id.* ¶ 19 & Ex. A. That attempt was unsuccessful. *Id.* The process server spoke with an unidentified male resident at the Huntsville Address who stated that Merrell no longer resided there. *Id.* The unidentified male refused to answer any further questions from the process server. *Id.*; and

**IT FURTHER APPEARING TO THE COURT** that on December 4, 2024, Plaintiff again attempted service of process at the Huntsville Address. *Id.* ¶ 20. The process server "indicated service of process was made but not directly on Merrell." *Id.* & Ex. B. The process server spoke with an unidentified male, who the process server believed was Thomas Merrell. *Id.* ¶ 20. The process server left the summons and amended complaint at the feet of the man believed

to be Thomas Merrell. *Id.* Given the circumstances of Plaintiff's most recent attempt to effectuate service and Defendant's "prior resistance to service of process in this matter," Plaintiff "anticipate[s] that Merrell will deny receipt of the Summons and Complaint." *Id.* ¶ 21. Plaintiff now seeks leave of Court to allow for substituted service by way of regular and certified mail for the sake of ensuring proper service of process. *Id.* ¶ 22; and

**IT FURTHER APPEARING TO THE COURT** that Federal Rule of Civil Procedure 4(e)(1) authorizes service on an individual within a judicial district of the United States by, among other things, "following state law for serving a summons in an action brought in courts of general jurisdiction in a state where the district court is located or where service is made," unless federal law provides otherwise. As the forum state, New Jersey's service rules apply. New Jersey Court Rule 4:4-4(a) provides that personal service is the primary method to serve a defendant located within the state. If, however, "despite diligent effort and inquiry" personal service cannot be effected, substitute modes of service are permitted. One form of substituted service permits service on any defendant by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." N.J. Ct. R. 4:4-4(b)(1)(C). When attempting service by mail, New Jersey Court Rule 4:4-7 requires that "the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment."; and

**IT FURTHER APPEARING TO THE COURT** that due process requires that there be "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *O'Connor v. Altus*, 67 N.J. 106, 126 (1975); *see also H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016

3

WL 3606785, at *2 (D.N.J. July 5, 2016) (noting that "the diligence exercised and the alternative service requested must meet the constitutional requirements of due process."). When considering due diligence, courts measure "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000) (citations and quotations omitted). "Diligence requires that a plaintiff follow up on information it possesses or can reasonably obtain, but it does not necessarily mean a plaintiff take every conceivable action." *H.D. Smith, LLC*, 2016 WL 36036785, at *2 (citing *Modan*, 327 N.J. Super. at 48-49); and

**IT FURTHER APPEARING TO THE COURT** that Plaintiff has demonstrated reasonable diligence in attempting personal service on Merrell. New Jersey law does not require Plaintiff to exhaust any and all methods of personal service prior to moving before this Court to seek substituted service. Rather, the Court must measure Plaintiff's "qualitative efforts" in effecting personal service and whether substituted service will comport with the constitutional requirements of due process. Plaintiff represented to the Court that it engaged an investigative service to attempt to identify a valid address at which they could effectuate service on Merrell. Plaintiff attempted to serve process on Merrell on two occasions. On the second occasion, Plaintiff attested that service was attempted "at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." Martin Certif. ¶ 20; and

**IT FURTHER APPEARING TO THE COURT** that when Plaintiff's process server attempted service on December 4, 2024, the process server was forced to leave the legal documents on the ground in front of the unidentified man that the process server believed to be Thomas Merrell. *Id.* The process server was unable to approach the property or the unidentified man due to a "locked gate with a No Trespassing sign posted." *Id.* Plaintiff's asserts that further attempts

4

at physical service will similarly be resisted and that Defendant Merrell would deny receipt of the summons and complaint in light of the manner of service and Defendant Merrell's prior resistance. *Id.* at 21; and

**IT FURTHER APPEARING TO THE COURT** that Plaintiff's motion is unopposed; therefore

**IT IS** this **10th** day of **January 2025**;

**ORDERED** that Plaintiff Joseph Jingoli & Son, Inc.'s Motion for Substitute Service of Process on Defendant Maria Dolores Merrell is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve a copy of the Summons and Complaint by certified and regular mail on Defendant Maria Dolores Merrell at 101 Woodland Hills Dr., Huntsville, Texas 77320.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.